|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF PUERTO RICO | |

ALEX RODRÍGUEZ-CIRILO,

   Petitioner,

   v.                                                            Civil No. 09-2136 (JAF)

UNITED STATES OF AMERICA,

   Respondent.

**O R D E R**

On November 5, 2009, Petitioner, Alex Rodríguez-Cirilo, filed this petition under Federal Rule of Criminal Procedure 41(g) against Respondent, the United States of America, for return of personal property seized from his residence. (Docket No. 1.) The government opposes the petition (Docket No. 9), and Petitioner replies (Docket No. 12).

Petitioner seeks the return of a nine-millimeter Ceska Zbrojovka pistol, model CZ-86; a .357-caliber Glock pistol, model 32; three magazines for each pistol; and some ammunition for the two handguns. (Docket No. 1.) Petitioner alleges that federal agents seized these weapons from Petitioner's residence on June 17, 2009, after they had gained entry into his abode without the use of a search warrant. (Id.)

In opposition, the government argues that the motion is improper under Rule 41(g) because Petitioner is not presently under criminal indictment. (Docket No. 9.) The government also asserts that it is entitled to retain the seized weapons as evidence of Petitioner's violation

Civil No. 09-2136 (JAF)                                                                                                      -2-

of unspecified weapons laws. (Id.) In support, the government notes that Petitioner's firearms license lists another address, not the location from which the weapons were seized. (Id.)

We agree with the government that Rule 41(g) cannot authorize Petitioner's motion because such petitions usually follow the end of a related criminal trial. Santiago-Lugo v. United States, 538 F.3d 23, 24 (1st Cir. 2008). Even in the absence of criminal proceedings, however, a person whose property has been seized by the federal government is not bereft of a remedy in federal court. Where the government has not instituted formal forfeiture proceedings, a petitioner is entitled to lodge a bill in equity to "compel the [government] to proceed to adjudication, or to abandon the seizure." Slocum v. Mayberry, 15 U.S. 1, 10 (2 Wheat. 1) (1817); see United States v. $8,850 in U.S. Currency, 461 U.S. 555, 569 (1983) (noting that equitable actions under Slocum are available). We, therefore, construe Petitioner's petition as one under this rule at federal common law.

As Petitioner notes, the government's averments apparently relate to alleged violations of weapons statutes under Puerto Rico law. (Docket No. 12.) While the government has not cited federal legal authority for its seizure, it should have the opportunity to defend its actions in open court before we render a decision.

For the foregoing reasons, we hereby **ORDER** the parties to appear before this court on **March 29, 2010, at 9:30 A.M.**, to present their respective arguments on the legal authority for the government's seizure of Petitioner's personal property.

Civil No. 09-2136 (JAF)                                                                                                              -3-

The court also **ORDERS** that the contents of this Order be notified to the Superintendent of Police of the Government of Puerto Rico, with a request that it appear to represent the interests of the government in reference to any potential violation of the Puerto Rico firearms laws.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 2nd day of March, 2010.

                                                    s/José Antonio Fusté
                                                    JOSE ANTONIO FUSTE
                                                    Chief U.S. District Judge